UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHARON K. PHILPOTT, an individual,

    Plaintiff,

v.

ERNST & YOUNG LLP, a Delaware limited liability partnership, ERNST & YOUNG U.S. LLP, a Delaware limited liability partnership, and THE ERNST & YOUNG U.S., LLP MEMBERS' TOP HAT PLAN,

    Defendants.

Case No.:
COMPLAINT

Plaintiff Sharon K. Philpott, for her Complaint, alleges as follows:

## I.  PARTIES

1. Plaintiff Sharon Philpott is an individual residing in Seattle, King County, Washington, and who was employed by Defendant Ernst & Young in its Seattle office at the time of her termination.

2. She is a "participant" as defined by 29 U.S.C. § 1002(7), in The Ernst & Young U.S. LLP Members' Top Hat Plan.

3. Defendant Ernst & Young LLP is a Delaware limited liability partnership with its principal place of business in New York, New York.

4. Defendant Ernst & Young U.S. LLP is a Delaware limited liability partnership

COMPLAINT
48087-001 \ 500295.doc
-1-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

with its principal place of business in New York, New York.

5. The Ernst & Young U.S. LLP Members' Top Hat Plan (the "Plan") is an "employee pension benefit plan" under 29 U.S.C. § 1002(2)(A), and a "plan" under 29 U.S.C. § 1002(3), which may be sued as an entity pursuant to 29 U.S.C. § 1132(d)(1). Ernst & Young U.S., LLP holds itself out as the administrator of the Plan. The three defendants are collectively referred to herein as "EY" or "Defendants."

## II.   JURISDICTION AND VENUE

6. This civil action arises under ERISA, 29 U.S.C. § 1001, *et seq.*, the Washington Law Against Discrimination, RCW 49.60, *et seq.*, and the Washington Wage Withholding Statute, RCW 49.48 *et seq.* This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). This Court also has jurisdiction over this case under 28 U.S.C. § 1332 in that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

7. This Court has jurisdiction over the Defendants pursuant to RCW 4.28.185, as Defendants transact business within the state and own, use or possess property situated in this state.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) & (c), 29 U.S.C. § 1132(e)(2), and RCW § 4.12.025.

## III.   FACTS

9. Sharon Philpott ("Ms. Philpott" or "Plaintiff") was an employee of Ernst & Young for over 22 years and an audit partner for almost 10 years.

10. Ms. Philpott's most recent assignment with Ernst & Young had been with the Seattle office, where she had served for over four years until her termination in June 2009.

11. On March 10, 2009, Ms. Philpott was notified that EY wanted her to voluntarily withdraw for the Partnership effective July 3, 2009, the end of the fiscal year. Ten days later she received a Release and Agreement asking her to submit her letter of voluntary withdrawal and to release all past, present and future claims against EY, including releases pertaining to the Plan.

COMPLAINT
48087-001 \ 500295.doc
-2-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

No deadline was fixed for execution of the Release and Agreement.

12.     At the time of her termination, Ms. Philpott was only four years away from vesting in pension benefits provided under the Plan whereby she would have been eligible to receive an annual pension beginning at age 58 through her life expectancy, age 84.

13.     Ms. Philpott met with Kay Matthews, Vice Chairman of EY and a member of its U.S. Executive Board, on April 16, 2009, to discuss gender bias she had experienced at Ernst & Young, which had led both to a hostile work environment and diminished professional opportunities; Ms. Philpott also raised questions regarding the timing and amounts owed to her if she voluntarily withdrew from the partnership effective July 3, 2009.  Ms. Matthews trivialized Plaintiff's concerns regarding gender bias and did not provide answers to Ms. Philpott's questions regarding the transition payments offered.

14.     Following that meeting Ms. Philpott relayed some of her concerns via a letter dated May 1, 2009, to Ms. Matthews and Mr. Gary Belski, Senior Vice Chair and Chief Operating Officer of EY.  In the wake of the April 16, 2009 meeting and the subsequent letter, and because Ms. Philpott raised concerns about gender discrimination, on June 5, 2009, Ms. Philpott was informed that EY would cut short the date of her separation, pushing it up to June 16, 2009, unless Ms. Philpott voluntarily withdrew from the Firm and signed a release of all claims by June 12, 2009.  Ms. Philpott's request for additional time was denied.

15.     When asked for an explanation for this prejudicial act, Ms. Matthews responded that "things have changed."  However, the only thing that had changed was that Ms. Philpott had complained of gender bias at EY and questioned the calculation of her transition payments.

16.     On information and belief, no contemporaneous investigation was conducted by Defendant regarding Plaintiff's complaint of gender bias.

17.     As a result of Defendants' actions, Ms. Philpott was deprived of wages she had been promised.

18.      On June 16, 2009, Ms. Philpott was summarily terminated (involuntarily separated from the partnership) by EY Chairman and CEO Jim Turley.

COMPLAINT
48087-001 \ 500295.doc
-3-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

19. EY operates under an Agreement of Partners and Principals, which governs the rights and obligations of its partners.

20. Section B of the Agreement of Partners and Principals contains "The Ernst & Young U.S. LLP Members' Top-Hat Plan" (the "Plan"). EY provides retirement benefits to a group of partners via the Plan.

21. Upon information and belief, under the pension governed by this Plan, Ms. Philpott would have received an annual benefit of approximately $291,734.00 if she had retired or voluntarily withdrawn or was involuntarily separated from the Firm at age 50 and began collecting benefits at age 58, or if she had retired at age 58, her annual pension benefit would have been approximately $400,000.00 per year.

22. EY contends that under the Agreement of Partners and Principals it is required to settle the unfunded balance of an employee's Deferred Vested Benefit in the Member's Retirement Plan if such member is under the age of 50.

23. In a June 9, 2009 memorandum from EY's Director of Administration, Partnership Operations, John Herndon, to EY's Bryan Segedi, Stephen Cohen, Kay Matthews and Scott Peterson, Mr. Herndon wrote to enclose a "revised calculation of the financial arrangement for Sharon K. Philpott, who is resigning from the firm as of June 12, 2009." The memorandum notes that Ms. Philpott "refused" to sign the Release and Agreement sent to her on March 20, 2009, and that the package reflects the minimum obligation that EY had to Ms. Philpott under the Agreement of Partners and Principals.

24. The memorandum states that this revised calculation of the financial arrangement with Ms. Philpott was requested by EY's U.S. Executive Board. The memo also states Ms. Philpott's separation had received approval of EY's Partnership Review Committee, which is a subset of the U.S. Executive Board.

25. In this memorandum, EY purported to calculate the value of Ms. Philpott's Deferred Vested Benefit under the terms of the Plan. The result was determined by first calculating the present value of the future stream of retirement benefits, using a 9% discount rate

COMPLAINT
48087-001 \ 500295.doc
-4-
STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

and normal life expectancy.  In effect, this meant that in order to obtain the full benefit EY owed to her under the Plan, Ms. Philpott would need to individually invest and earn a 9% return on the amount that EY was transferring to her as the unfunded balance of her Deferred Vested Benefit in her pension Plan.

26.     In a September 18, 2009 letter to Ms. Philpott, Mr. Herndon stated that EY had revised its discount factor from 9% to 8% and its methodology for settling the Deferred Vested Benefit under the Plan.  EY paid Ms Philpott the additional amounts owed to her under this revised methodology.  The use of an 8% discount rate is wholly unreasonable.  It is unrealistic to expect a return at that rate for an individual investor, particularly where that individual investor should be shifting her assets into more conservative investments as she nears retirement age.

27.     The use of the 8% discount rate is not justified by the term of the Plan.  The term "present value" is not defined in the Plan, and EY is not granted any discretion to construe that phrase.  In the context presented here, the phrase refers to a rate of return that an individual participant, while invested in prudent investments, could expect to receive upon withdrawal.  EY has no discretion under the Plan to interpret the terms of the Plan otherwise, and has violated the Plan and ERISA by applying an 8% discount rate.

### IV.  FIRST CLAIM:  RETALIATION

28.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29.     Ms. Philpott complained of gender discrimination, which is a protected activity.

30.     Due to her complaints of gender discrimination, EY shortened Plaintiff's employment, thereby subjecting her to an adverse employment action.

31.     Defendants' retaliatory action constitutes a violation of the Washington Law Against Discrimination, RCW 49.60.210(1).

32.     As a result of Defendants' retaliatory actions, Plaintiff has been denied wages and other benefits of employment in an amount to be proven at trial.

33.     As a result of Defendants' retaliatory actions, Plaintiff has suffered and continues
COMPLAINT

48087-001 \ 500295.doc

-5-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

to suffer severe emotional distress in an amount to be proven at trial.

## V. SECOND CLAIM: WRONGFUL WITHHOLDING OF WAGES

34. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. Defendants' wrongful denial of wages and other benefits constitutes a willful violation of RCW 49.48 *et. seq.* and 49.52.070 and Ms. Philpott is entitled to damages, including double damages, in an amount to be proven at trial.

## VI. THIRD CLAIM: ERISA

36. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. Plaintiff is a participant under the Plan, is entitled to seek remedies under 29 U.S.C. § 1132. Specifically, pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff is entitled to (1) recover her benefits under the terms of the Plan, (2) enforce her rights under the terms of the Plan, and (3) clarify her right to benefits under the terms of the Plan.

38. Plaintiff is also entitled to equitable relief pursuant to 29 U.S.C. § 1132(a)(3) including, without limitation, an injunction prohibiting Defendants from applying an improper and unreasonable present value deduction.

39. Plaintiff is also entitled to her attorney fees and costs of suit as allowed by 29 U.S.C. § 1132(g)(1).

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

1. A permanent injunction restraining all Defendants from depriving departing Plan participants of the full benefits of the Plan;

2. Judgment in favor of Plaintiff against all Defendants on all causes of action;

3. An award of compensatory damages in an amount to be proven at trial;

4. An award of double damages with respect to Plaintiff's claim of wrongful withholding of damages;

COMPLAINT
48087-001 \ 500295.doc
-6-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

5. An award of the value of pension benefits owed;

6. An award of prejudgment interest in an amount to be proven at trial;

7. An award of Plaintiff's costs of this civil action, together with her reasonable attorney fees, pursuant to 29 U.S.C. § 1132(g)(1), RCW 49.60.030 and RCW 49.48.030, equity, statute, court rule, or common law.

8. An award of such other and further relief, including equitable relief under ERISA, as the Court may deem just and proper.

DATED this 12th day of February, 2010.

STOKES LAWRENCE, P.S.

By: /s/Carolyn Cairns
    Carolyn Cairns (WSBA #10856)
    Mathew L. Harrington (WSBA #33276)
Stokes Lawrence, P.S.
800 Fifth Avenue, Suite 4000
Seattle, WA  98104-3179
Telephone:  (206) 626-6000
Fax:  (206) 464-`1496
E-mail:  Carolyn.Cairns@stokeslaw.com

SIRIANNI YOUTZ MEIER & SPOONEMORE

Richard E. Spoonemore (WSBA #21833)
Sirianni Youtz Meier & Spoonemore
1100 Millennium Tower
719 Second Avenue
Seattle, WA 98104
Telephone:  (206) 223-0303
Fax:  (206) 223-0246
E-mail:  rspoonemore@sylaw.com

Attorneys for Plaintiff Sharon K. Philpott

File No.:  48087-001

COMPLAINT
48087-001 \ 500295.doc
-7-
STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000